IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02429-EWN-MEH

GENERAL SHALE BRICK, INC.,

Plaintiff,

v.

WESTERN ENVIRONMENTAL SERVICES AND TESTING INC.,
CALCIUM PRODUCTS, INC., and
E.I. TEC L.P.,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

      Unless otherwise ordered by this Court, this Order shall be binding and enforceable against Plaintiff and Defendants (collectively "the Parties" or individually a "Party"), their respective agents, representatives, and attorneys, and any Third Parties (including their respective agents, representatives, and attorneys) who: (i) invoke the protection afforded by this Order by written transmittal to all Parties; and (ii) set forth their agreement to be bound by the rights and obligations provided by this Order through their execution and filing of a Certification in the form attached hereto as Exhibit A.  Any Third Party invoking the protection of this Order must comply with these obligations in order to obtain the benefit of the protections afforded hereunder.

      1.    **Purpose of Order**.  During the course of the litigation captioned above (the "Litigation"), the Parties may seek or obtain through disclosures or discovery certain information or documents (in whatever format stored or maintained) that may be deemed confidential or proprietary to one or more Parties or Third Parties.  In entering into this Order, the Parties intend

to protect certain confidential or proprietary information and to protect against public dissemination of such information.

2.  **Confidential and Restricted Confidential Information**.  Any confidential or proprietary information, including, without limitation, (a) documents or other tangible things produced by a Third Party pursuant to subpoena; (b) documents or other tangible things produced by a Party; (c) interrogatory answers; (d) witness testimony; (e) responses to requests for admissions; or (f) any other documents or information relating to what a Party or Third Party believes in good faith to contain confidential or proprietary information shall be deemed and treated as confidential and shall be utilized only for the proper prosecution or defense of the Litigation in accordance with this Order.  Such confidential or proprietary information or documents includes, without limitation: a Party's or Third-Party's confidential systems, processes, finances, pricing, business strategies, business plans, internal training materials, marketing plans, or other protected information or material regarding business operations and plans and related matters (collectively "Confidential Information") that had not been previously disclosed to the public.  Any Party or Third Party invoking the protection of this Order shall mark or otherwise identify all such Confidential Information as "CONFIDENTIAL" prior to production or disclosure in the Litigation.  Further, certain Confidential Information produced or disclosed in the Litigation may be deemed so highly confidential, sensitive or proprietary to the business practices of a Party or Third Party that even otherwise restricted disclosure of such information or documents could cause significant business harm or hardship to the disclosing or revealing party.  Such highly confidential, sensitive information or documents may be marked or otherwise identified as "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior

to production or disclosure in the Litigation, and shall be protected from any disclosure except as permitted by this Order.

3. **Protocol for Designation (Written Materials)**. Any Party or Third Party invoking the protection of this Order may designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" specific documents or other written Confidential Information by labeling the Confidential Information "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -ATTORNEYS' EYES ONLY." The designation shall be consistent with paragraph 2 above.

4. **Protocol for Designation (Testimony)**. Any Party or Third Party invoking the protection of this Order may also designate an entire deposition transcript, or any portion thereof, as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," consistent with paragraph 2 above, by advising the court reporter and counsel of such designation at the time the testimony is provided.

5. **Use of Non-Confidential Information**. Any documents or other information produced or disclosed in the Litigation that are not designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" need not be treated as confidential and are not restricted in their use by the recipient. The failure of a Party or Third Party invoking the protection of this Order to designate information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production shall not constitute a waiver of the right to protect the information under the terms of this Order. Disclosure or use by the receiving Party of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents or information shall not

constitute a violation of this Order if the producing Party failed to so designate the

"CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -ATTORNEYS' EYES ONLY"

documents or information at the time of production.  In the event the producing Party later

designates in writing such information as "CONFIDENTIAL" or "RESTRICTED

CONFIDENTIAL - ATTORNEYS' EYES ONLY," the receiving Party agrees to thereafter abide

by the terms of this Order.

   6.  **Other Confidentiality Agreements**.  The Parties agree that the production or

disclosure of any documents, other written confidential material, or testimony in the Litigation

that are designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -

ATTORNEYS' EYES ONLY" pursuant to this Order by a Party or a Third Party shall not

violate the April 1, 2006 "Confidentiality and Non-Disclosure Agreement" between Calcium

Products, Inc. and E.I. Tec, L.P. or any other confidentiality agreement between or among any

Parties.

   7.  **Challenge to Designation**.  Each Party reserves the right to challenge any

designation of information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -

ATTORNEYS' EYES ONLY" and may seek such a determination from the Court with respect

to such designation.  The party designating documents or information as "CONFIDENTIAL" or

"RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of

proof with respect to any such documents or information.  If a Party elects to challenge a

designation of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS'

EYES ONLY," it shall provide the disclosing Party or Third Party with ten (10) calendar days

advance written notice of their intent to file a motion seeking to challenge the designation.  The

disclosing Party or Third Party shall have an opportunity to voluntarily remove such designation during the ten (10) day period. In the event the disclosing Party or Third Party fails to remove the designation, the Party challenging the designation shall be entitled to file a motion with the Court seeking to have the designation removed. Pending a resolution of the motion (which shall be filed under seal to the extent required by this Order), the confidentiality of such information shall remain protected until the Court orders otherwise.

8. **Legal Effect of Confidentiality Designation**. No designation of information or documents as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any Party or Third Party shall be deemed an admission by the receiving Party that such documents or information are "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the disclosing Party. Further, no Party or Third Party shall be restricted in any way from using or revealing to its employees, representatives and attorneys (or agents, consultants and experts of the attorneys), as it deems appropriate, its own information identified for purposes of this Litigation as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9. **Standard for Designation**. In compliance with this Order, all Parties and Third Parties invoking the protection of this Order shall act in good faith and consistent with general business practices in designating documents and information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY." In no event, however, may any documents or information be designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the Confidential Information: (a) is, or becomes, public knowledge, as shown by publicly available writings or otherwise; (b) is

properly acquired by a receiving Party or from any person lawfully possessing such information and having no obligation to the owner of the information; or (c) was lawfully possessed without restriction by a receiving Party prior to the opening of discovery in this proceeding.

10.     **Designation of Documents Produced by the Opposing Party or a Third Party**.  If a Party or Third Party produces documents or information without a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -ATTORNEYS' EYES ONLY" designation which a receiving Party believes should have been designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY," said Party may serve written notice to all parties that the documents or information shall be designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY."  A Party may thereafter challenge the designation in accordance with paragraph 7 above.

11.     **Proper Use**.  Any Confidential Information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be used by the receiving Party solely for purposes of this Litigation, and for no other purpose other than those specifically provided for in this Order.

12.     "**CONFIDENTIAL**."  The Parties shall not reveal or disclose any Confidential Information designated by another Party or Third Party as "CONFIDENTIAL" (or permit the same to be disclosed) other than as follows:

a.      To the Court and court officials involved in this Litigation, including court reporters, persons operating video recording equipment, court clerks, and any special master appointed by the Court;

b.   To counsel for the Parties invoking the protection of this Order (including in-house counsel, co-counsel and local counsel) and employees of such counsel who are working on this Litigation;

c.   To Parties or officers and employees of Parties to the Litigation who are assisting counsel in the prosecution or defense of this case or who are requested or anticipated to provide testimony in this action;

d.   To experts, consultants, and other persons especially retained by attorneys for one or more Parties to this Litigation to assist in the preparation of the case for trial or to provide testimony who are not regular employees of the Parties to this Litigation, and only if such persons have a need to use some or all of the Confidential Information designated "CONFIDENTIAL" subject to each such person executing a Certification in the form attached hereto as "Exhibit A"; and

e.   To such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the Court in the interests of justice.

13.   **"RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY."** Further, the Parties and Third Parties shall not reveal or disclose any part of such documents, testimony, information, or other materials designated by another Party or Third Parties as "RESTRICTED CONFIDENTIAL -ATTORNEYS' EYES ONLY" (or permit the same to be disclosed) other than as follows:

a.   To the Court and court officials involved in this Litigation, including court reporters, persons operating video recording equipment, court clerks, and any special master appointed by the Court;

b. To counsel for the Parties invoking the protection of this Order (including in-house counsel, co-counsel and local counsel) and employees of such counsel who are working on this Litigation;

c. To experts, consultants, and other persons especially retained by attorneys for one or more Parties to this Litigation to assist in the preparation of the case for trial or to provide testimony who are not regular employees of the Parties to this Litigation, and only if such persons have a need to use some or all of the Confidential Information designated "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" subject to each such person executing a Certification in the form attached hereto as "Exhibit A";

d. To any person whose testimony is taken or to be taken in this Litigation who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated as "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" or the specific events, transactions, discussions, or data reflected in the document, except that such a person may only be shown documents, testimony, information, or other materials designated as "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" during his or her testimony and in preparation therefor, and only to the extent necessary for the preparation of such testimony.  Each such individual receiving information designated as restricted confidential attorneys' eyes only must execute a Certification attached hereto as "Exhibit A"; and

e. To such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the Court in the interests of justice.

14.     **Request for Permission to Disclose**.  If a Party desires to reveal all or part of the Confidential Information designated by another Party or Third Party as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" to any person not included in paragraphs 12 or 13 herein, the Party shall request approval from the disclosing Party or Third Party prior to the desired disclosure.  Such request shall be in writing and shall specify the grounds for the request for such exception, including the identity of the person(s) to whom the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -ATTORNEYS' EYES ONLY" information is intended to be disclosed.  In the event the disclosing Party or Third Party refuses permission, the Party or Third Party seeking permission may file a motion with the Court for any order it deems just.  Until the issue is resolved by the Court, the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" information at issue shall not be disclosed to any person not included in paragraphs 12 or 13 herein, respectively above.  In the event the disclosing Party, Third Party or the Court grants permission for such disclosure, each person to whom the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is intended to be disclosed must execute a Certification in the form attached hereto as "Exhibit A."

15.     **Retention of Confidential Information**.  Except as otherwise provided for in this Order, all Confidential Information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall remain in the possession and control of counsel for the respective Parties receiving such information.  At the conclusion of this Litigation, by settlement, final judgment, or otherwise (including a final judgment on any and all appeals), each Party shall destroy or return to the disclosing Party or Third Party all Confidential

Information (including all copies, summaries or notes of such documents) marked "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" that were received from the disclosing Party or Third Party in the course of this Litigation within forty-five (45) days. All notes, memoranda, summaries, or other documents referring, describing, or relating to the documents, testimony, information, or other materials designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be destroyed and counsel for the receiving Party shall furnish a written certification that all materials designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" have been returned and/or destroyed.

16. **Court Filings**. In the event that any Party in this Litigation decides to file with, or submit to, the Court any documents or written discovery responses designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" , that Party shall confer with the designating party no later than 24 hours before said filing and advise of that intent. In all such circumstances, the designating party shall agree to the filing, pursuant to D.C.COLO.LCivR 7.1 and 7.2, of an "Unopposed Motion Seeking to File Confidential Information Under Seal." The Party seeking to file the Confidential Information shall bear the burden of drafting and coordinating the filing of any such motion. The Party seeking to file the Confidential Information (in whatever form) shall comply with D.C.COLO.LCivR 7.2(c) and file the Confidential Information under seal until the Motion to Seal is decided by the Court.

17. **Court Proceedings**. In the event any Confidential Information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL - ATTORNEYS' EYES ONLY" is

used in any public court proceedings in the litigation, the Court shall solely and exclusively govern its use in open court. If the disclosing Party seeks to protect against open court dissemination of such information, the disclosing Party shall move the Court for protection pursuant to D.C.COLO.LCivR 7.3. All Parties in possession of the Confidential Information shall work cooperatively with the disclosing Party to take all steps necessary to assist in maintaining the confidentiality designation.

18.     **Survival**. The terms of this Order shall survive and remain in full force after the termination of the Litigation and the Court shall have continuing jurisdiction over the Parties, Third Parties, attorneys for the Parties and Third Parties, and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Order and/or redressing any violation thereof.

19.     **Modification**. The Court may, from time to time, amend, revise, or otherwise modify this Order and the requirements and conditions set forth herein as it deems necessary, prudent, or appropriate to satisfy the understanding and intent of the Parties to this Order. Further, nothing herein shall serve to prevent or limit the Parties or Third Parties from moving to modify, amend, revise or augment the terms of this Order or from seeking additional protections pursuant to FED. R. Civ. P. 26(c) at any time.

DONE AND DATED this 31st day of March, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND APPROVED BY:
APPROVED:

*s/ Eric Fisher*
Eric Fisher
Reilly Pozner & Connelly LLP
511 16th Street, Suite 700
Denver, CO 80202
(303) 893-6100

Ira G. Greenberg
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411
Counsel for Plaintiff General Shale Brick, Inc.

*s/ Chad D. Williams*
Chad D. Williams
Laura J. Riese
Sherry D. Bursey
Davis Graham & Stubbs LLP
1550 17th St. # 500
Denver, CO 80202
Counsel for Defendant Western Environmental
Services & Testing Inc.

*s/ Julie M. Walker*
Julie M. Walker
Christina J. Valerio
Wheeler Trigg Kennedy LLP
1801 California St. # 3600
Denver, CO 80202
Counsel for Defendant Calcium Products, Inc.

*s/ Leonard H. MacPhee*
Leonard H. MacPhee
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202

William V. Hearnberg
Smith, Gambrell & Russell LLP
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, GA 30309
404-815-3500
Counsel for Defendant E.I. Tec LP

**CERTIFICATION – EXHIBIT A**

I hereby certify that I have read the attached Stipulation and Protective Order in *General Shale Brick, Inc. v. Western Environmental Serviceset al.*, Case No. 07-cv-02429-EWN-MEH, entered by the Court on _____ (the "Order"). With respect to all Confidential Information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Order, I agree that I will not reveal such information to, or discuss such information with, any person who is not entitled to receive the information in accordance with the Order. I will use such information only for the purposes of facilitating the prosecution or defense of the Litigation and not for any other purpose. I will otherwise keep all Confidential Information designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Party or Third Party in accordance with this Order. I agree that the District Court for the District of Colorado, has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order and hereby invoke all rights thereunder.

Dated: _____     _____
[Print Name]

_____
[Company]

_____
[Street Address]

_____
[City, State, Zip Code]

_____
[Phone]